[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in three counts claiming interference with a business and also damages for each plaintiff for certain actions of the defendant.
The plaintiff, K. W. Dolmar Broadcasting Company, owns and operates an AM radio station in Milford with call letters WFIF, broadcasting on the 1500 KHZ frequency. It claims that the defendant used that frequency illegally after that plaintiff had ceased its regular daily broadcasting, to broadcast certain slanderous statements about that plaintiff, about programs that were broadcast by that plaintiff for third persons who contracted with that plaintiff to have such programs broadcast and about advertisers using that plaintiffs broadcasting facilities. That plaintiff also alleged that the defendant made harassing telephone CT Page 7342 calls to its advertisers to that plaintiff's harm. That plaintiff claimed it suffered financial loss as a result of these unlawful acts of the defendant.
The defendant, who represented himself, filed what is in effect a general denial of the allegations.
That plaintiff through its assistant engineer had been aware of these claimed illegal broadcasts for some time although he did not know their source. In July 1991 two engineers from radio stations WICC and WEBE in the Bridgeport area advised WFIF that they had tracked the broadcaster illegally using the 1500 frequency to the defendant's residence at 259 Edgemont Avenue in Milford. This action was then filed on August 27, 1991.
Count I
This count concerns the claimed illegal broadcasts and harassing calls to the plaintiff K. W. Dolmar Broadcasting Company and its advertisers.
The plaintiff moved for a temporary and permanent order against these actions by the defendant. On September 9, 1991 Judge Flynn issued the following order:
"That the temporary restraining order be made a permanent order and the defendant Paul Matar is ordered to permanently refrain from unlawfully interfering with K. W. Dolmar Broadcasting business and not to contact any employees or advertisers or WFIF.
The Defendant is ordered not to broadcast on WFIF licensed band."
This order effectively answered that plaintiffs request for an injunction to protect it from imminent and substantial damage to it from the defendant.
COUNT II
This count alleges trade libel and slander by the defendant against the plaintiff, K. W. Dolmar Broadcasting Company.
Paragraph 18 of Count I of the Complaint which was incorporated with this count by reference states:
"18. On or about August 9, 1991, Special Effects II of New Haven, a hair salon owned by Theresa Christmas, received two harassing calls from a man who identified himself a Paul Matar, stating, "I don't think its fair what they are saying about you on WFIF, you and other businesses." The annual revenue from this CT Page 7343 advertiser is $2,846.00. As a result of this harassing call by Defendant Matar, Special Effects II has cancelled its advertising on WFIF as Ms. Christmas felt threatened and intimidated by the calls."
The court finds that the allegations of this paragraph 18 are true. Consequently, the court finds that the plaintiff K. W. Dolmar Broadcasting Company has been injured financially by the loss of advertising revenue which it would have received except for the actions of the defendant. This loss is special damages that the plaintiff has suffered and amounts to $2,846.
The illegal broadcasts made by the defendant were taped and put in evidence. These show that the statements claimed to be made by the defendant in Paragraph 6-10 of the complaint were in fact made by him. The court finds that such statements were slanderous and libelous. The plaintiff, K. W. Dolmar Broadcasting Company is entitled to recover general damages for such charges which the court finds to be $5000.
COUNT III
This count alleges that William Bennett, an announcer on radio station WFIF was slandered by the following statements of the defendant broadcast by him on July 14, 1991.
 "On the radio station you're listening to, I won't say who, I won't say who they are because they'll try to sue me for slander even though I'm telling the truth! They know he's a child molester, but they don't care because they know he brings in money. He brings money so that's the main concern. That dollar bill. That dollar bill is the main concern for this radio station. I'll tell you. They have no shame, no shame, just no shame whatsoever. Are you hearing me Willie, Willie, homosexual Willie, that works at WFIF? Homosexual Willie. All right. Well, what's going down, Willie? Man, you're taking people's money, man! Be straight, man. Stop gettin' in you're homo acts."
There was no evidence offered by the defendant that the charges in fact were true. The Court consequently must find that the charges were untrue and were made maliciously and recklessly and that the plaintiff William Bennett is entitled to recover general damages for said charges which the court finds it to be $5000.
On Count I, judgment may enter in accord with the order of the court dated September 9, 1991.
On Count II, judgment may enter for the plaintiff, W. K. CT Page 7344 Dolmar Broadcasting Company to recover of the defendant $7,846.
On Count III, judgment may enter for the plaintiff William Bennett to recover of the defendant $5000.
THOMAS J. O'SULLIVAN, TRIAL REFEREE